(No. 5388—)

GUNTHORP-WARREN PRINTING COMPANY, An Illinois Corporation, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed August 16, 1967.*

HERMAN B. GOLDSTEIN, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, Gunthorp-Warren Printing Company, seeks to recover the sum of $718.00 as payment for services rendered in the printing of 5,100 copies of "Goals", a newsletter of the Illinois Governor's Committee on Employment of the Handicapped, a Committee functioning under the Board of Vocational Education and Rehabilitation of the State of Illinois. Attached to the complaint is a copy of an invoice-voucher of the State of Illinois, marked exhibit A, and a letter from the Deputy Director of the Division of Vocational Rehabilitation, dated December 8, 1966, marked as exhibit B. The letter states in part:

"I have your letter along with the voucher in the amount of $718.00 presented by the Gunthorp-Warren Printing Company for the printing of "Goals" in May and June, 1965. You will recall that I informed you at the time of last contact that this was a charge made in the last biennium, and could not legally be paid. I instructed you at that time to submit your bill to the Court of Claims showing the printing order number, along with other information that you might have in order to determine whether or not it will be allowed by the Court of Claims."

On June 21, 1967, a Stipulation of Facts was entered into by and between claimant and respondent, which reads as follows:

"Claimant, Gunthorp-Warren Printing Company, by its corporate officer, and the State of Illinois, by its attorney, hereby stipulate and agree to the following facts:

"That materials were delivered to respondent at the special instance and request of the Illinois Governor's Committee on Unemployment of Handicapped.

"That the statements attached to the complaint as exhibit A are due and owing, namely, $718.00.

"That, as a result of delay in billing, payment was not made prior to the closing of the biennium appropriation.

"That no assignment of transfer of the claim has been made.

"That there is rightfully due to claimant the sum of $718.00.

"That upon the foregoing agreed case filed herein, the Court shall decide thereon, and render judgment herein according to the rights of the parties in the same manner as if the facts aforesaid were proved up upon the trial of said issue."

From the Departmental Report and stipulation it appears that the reason for non-payment was that the appropriation had lapsed before the statement for services rendered was presented. There is no question but that the services were rendered, and were satisfactory.

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due.

Claimant is hereby awarded the sum of $718.00.